UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWIN ATEKENG,

          Petitioner,                  Case No. 1:26-cv-631

v.                                   Honorable Robert J. Jonker

UNKNOWN PARTY et al.,

          Respondents.
_____/

## ORDER

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on March 10, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within eleven business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.)

On March 13, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.)

On April 2, 2026, Petitioner filed a motion to enforce habeas judgment, seeking immediate release. (ECF No. 10.) In the motion, Petitioner states that he was provided with a bond hearing on March 13, 2026, but was denied bond on the ground that Petitioner failed to establish that he is not a flight risk. (*See, e.g.*, *id.*, PageID.94.) Petitioner claims that the immigration judgment arrived at this conclusion "because Petitioner's asylum, withholding, and CAT claims had been denied and despite his pending appeal, he had not demonstrated a favorable likelihood of success . . ." (*Id.*, PageID.95.) In light of this, Petitioner claims that his bond hearing was not constitutionally adequate and asks this Court to order his immediate release from custody. (*Id.*, PageID.96.)

In Petitioner's emergency motion for immediate release, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's March 10, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's March 10, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's March 10, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's emergency motion for immediate release. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's March 10, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

2

Accordingly, **IT IS ORDERED** that Petitioner's motion to enforce habeas judgment (ECF No. 10) is **DENIED**.


Dated:    April 3, 2026                              /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge

3